UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                    Chapter 11

    100 Christopher Street Propco LLC,            Case No.  23-11542 (PB)

                           Debtor.
----------------------------------------------------------x

## **LOCAL RULE STATEMENT**

        Patrick McCann, as Vice President of 100 Christopher Street Propco LLC (the "Debtor") states under penalty of perjury, as follows:

        1.    I am submitting this affidavit pursuant to the local rules of this Court in support of the Debtor's Chapter 11 filing.

        2.    On September 21, 2023 (the "Petition Date"), the Debtor filed a Chapter 11 petition under Title 11 of the Bankruptcy Code.

        3.    The Debtor owns the real property at 100 Christopher Street, New York, New York, (the "Property"). The Property is an apartment building with two ground floor commercial spaces.  Based on a recent sale contract, the Debtor estimates that the Property value is $30,020,000.

        4.    The Property is encumbered by a first mortgage held by Santander Bank, N.A. (the "Mortgagee") in the original principal amount of $22,100,000. As of the Petition Date, the Mortgagee's Claim is approximately $19,800,000.  New York City Lien Claims total about $76,953.

5. In addition to the Mortgagee's claim, the Debtor is aware of general unsecured claims of about $311,765.

6. The Debtor has a signed contract to sell the Property to 100 Christopher LLC for $30,020,000. 100 Christopher LLC has provided a $2,000,000 deposit which is being held in escrow. The sale is conditioned on an assignment to and assumption by 100 Christopher LLC of the Mortgagee's note and mortgage. The Mortgagee is in the process of undertaking its due diligence as to the requested assignment. The sale must close by October 24, 2023 based on 100 Christopher LLC's deadline to close on a tax deferred exchange under section 1031 of the Internal Revenue Code.

7. The purchase price is sufficient to pay all of the Debtor's creditors in full in cash at closing. But the Debtor's ultimate parent, Delshah Capital Limited ("**DCL**"), has an impending maturity on September 30, 2023 under that certain Deed of Trust dated as of January 5, 2016 (as amended, the "**Deed of Trust**") between DCL and Mishmeret Trust Company Limited (the "**Trustee**"), with respect to certain bonds issued by DCL. Moreover, the bonds are currently in default and, in exchange for certain agreements and modifications negotiated with the bondholders, the Trustee holds or is expected to shortly receive a pledge of the Debtor's equity interests. Absent a consensual resolution, the Trustee has or will likely have the right to obtain control of DCL and ensure that the bondholders receive the net proceeds from any sale of the Property. If the Trustee were to exercise that right, the pending sale and assignment of the note and mortgage could be jeopardized. As part of its overall agreement with DCL, the Trustee would agree to defer taking action to effect its remedies under the Deed of Trust to the extent the

Debtor commenced this Chapter 11 case and proceeded promptly to obtain approval of the sale in the bankruptcy case and turn over the net proceeds of such sale to the Trustee (or, if no pledge is in place, to an account owned by the Sole Member and controlled by the Trustee) after payment of all Claims against the Debtor as set forth below and under a Chapter 11 plan.

8. Unsecured creditors and the Mortgagee are at additional risk because the Debtor owes the two retail tenants landlord contributions to their buildouts and leasing commissions associated with their leases amounting to several hundred thousand dollars. Those amounts are expected to be paid from the sale proceeds.

9. The Debtor therefore filed this case to ensure a prompt sale with an explicit provision for transferring the net sale proceeds to the Debtor's administrative, priority, secured and unsecured creditors, and all remaining proceeds to either the Sole Member or the Trustee, in its capacity as pledgee of the Debtor's equity interests, and to provide comfort that all parties will be paid all that they are entitled to under the Bankruptcy Code.

10. Contemporaneously herewith, the Debtor is filing its plan of reorganization ("Plan") and disclosure statement ("Disclosure Statement") providing for payment in full in cash to all creditors from the proceeds of sale under the Contract.

11. In the meantime, the Debtor intends to preserve and protect the Property by operating in the ordinary course of business.

Dated: New York, New York
September 27, 2023

s/Patrick McCann, as Vice President

3