UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                          Chapter 11

    100 Christopher Street Propco LLC                  Case no. 23-11542 (PB)

                                           Debtor.
------------------------------------------------------------x

## ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

Upon 100 Christopher Street Propco LLC's (the "Debtor") proposed disclosure statement filed on September 27, 2023 (Dkt. 8) (the "Disclosure Statement") pursuant to Bankruptcy Rule 3017(a) and plan of reorganization filed September 27, 2023, as amended on October 17, 2023 (Dkt. 32) (the "Plan")[1]; and the Court having entered an order ("Scheduling Order") on October 3, 2023 scheduling the a hearing on confirmation of the Plan and approval of the Disclosure Statement on October 18, 2023, and the Plan, the Disclosure Statement, and the Scheduling Order having been transmitted to creditors, equity security holders, and other parties in interest; and upon the Declaration in Support of Plan Confirmation of Patrick McCann executed on October 16, 2023 (Dkt. 31); and upon the hearing held before this Court on October 18, 2023 (the "Confirmation Hearing") and the entire record of this case; and the Court having found that Disclosure Statement satisfies the requirements of 11 U.S.C. 1125, and that the Plan, as modified, satisfies the requirements for confirmation of 11 U.S.C. 1129(a), and that cause exists for the Court to order that the stay under Bankruptcy Rule 3020(e) shall not apply to this Order; it is hereby

---

[1] Capitalized terms, unless otherwise defined herein, shall have the meaning set forth in the Plan.

**ORDERED**, that the Disclosure Statement be, and hereby is, approved as containing adequate information; and it is further

**ORDERED**, that the definition of "Bar Date" in paragraph 11 of the Plan is deemed amended to mean the last day to file Claims as fixed by Bankruptcy Court order; and it is further

**ORDERED**, that in the event the Debtor seeks a sale under the Plan pursuant to the Bidding and Auction Procedures annexed as Exhibit B to the Plan, before moving forward with such Bidding and Auction Procedures, the Debtor shall obtain Bankruptcy Court approval for the dates, amounts and other terms necessary and or helpful to complete such Bidding and Auction Procedures; and it is further

**ORDERED**, that notwithstanding anything to the contrary in the Plan or this Court's order approving the sale of the Property, before disbursing funds to Class 5 Interests under the Plan, the Debtor shall obtain a Bankruptcy Court order fixing the amounts that the Debtor must deposit in the undetermined claims reserve pending further order of the Court; and it is further

**ORDERED**, that pursuant to section 1129 of the Bankruptcy Code, the Plan as amended by this Order be, and hereby is, confirmed; and it is further

**ORDERED**, pursuant to Bankruptcy Code § 1146, that the proposed transfer of the property at 100 Christopher Street, New York New York to 100 Christopher LLC, if made in implementation of the Plan, qualifies for the transfer tax exemption under section 1146(a) of the Bankruptcy Code, such that the filing of deeds and recording of mortgages shall not be subject to payment of any New York City Real Property Transfer Tax, the taxes due under Article 31 of the Tax Law of the State of New York State, transfer tax, stamp tax or similar tax; and it is further

**ORDERED**, that each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan, including, but not limited to, any recordable instrument of transfer or mortgage in connection with the Debtor's sale of 100 Christopher Street, New York, New York to 100 Christopher LLC, and any other related instruments contemplated under the Plan (collectively, the "Transfer Documents") presented by the Debtor or its agents, without the payment of any tax within the purview of section 1146(a) of the Bankruptcy Code; and it is further

**ORDERED**, that the Debtor be, and hereby is, authorized and directed to execute, in the name of any necessary party, to the extent such necessary party does not do so itself, any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved in the Plan and/or this Order, and to deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation; and it is further

**ORDERED**, that the Debtor shall be the disbursing agent under the Plan responsible for making distributions under the Plan, and shall file a disbursement report with the Bankruptcy Court upon making such distributions, and it is further

**ORDERED**, except as otherwise provided in the Plan and/or this Order, the rights afforded in the Plan shall be in exchange for and in complete satisfaction of all Claims of any nature whatsoever, including any interest accrued thereon from and after the Petition Date, against the Debtor, its estate, or any of its assets or properties to the extent permissible under 11 U.S.C. §§524 and 1141; provided that notwithstanding anything to the contrary herein or in the Plan, the

Debtor shall not receive a discharge as set forth in section 1141(d)(3)(a) of the Bankruptcy Code; and it is further

**ORDERED**, the Debtor shall file a notice of occurrence of the Plan's Effective Date on the Court's docket within three (3) business days of the Effective Date having occurred; and it is further

**ORDERED**, that the Debtor shall file, within 45 days after the date of this Order, a status report detailing the actions taken by the Debtor and the progress made toward consummating the Plan; and it is further

**ORDERED**, that the Debtor shall file status reports and quarterly post confirmation operating reports in compliance with United States Trustee operating guidelines every January 15th, April 15th, July 15th, and October 15th until a final decree has been entered closing the Debtor's chapter 11 case; and it is further

**ORDERED**, that the Debtor shall maintain reserves for, and pay to the United States Trustee, all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable interest thereon, until the Debtor's chapter 11 case is dismissed or converted to chapter 7 or a final decree is entered closing the Debtor's chapter 11 case, whichever is earliest; and it is further

**ORDERED**, that in the event of any inconsistencies between this Order and the Plan, this Order controls; and it is further

**ORDERED**, that this Court retains post-confirmation jurisdiction over this case as set forth in the Plan, including, without limitation, jurisdiction to set bar dates for the filing of

claims, to consider applications to retain post-petition professionals and to determine compensation in connection therewith, and it is further

**ORDERED**, that this Court retains exclusive jurisdiction over this Order, and to hear and to determine all controversies, suits and disputes as may arise with the consummation of the Plan; and it is further

**ORDERED**, that this Order shall not be stayed under Bankruptcy Rule 3020(e), and any requirement that the Confirmation Order become a Final Order as a condition to the Effective Date of the Plan be, and hereby is, deemed waived.

Dated: October 19, 2023
      New York, New York

                                           /s/ Philip Bentley
                                           **Hon. Philip Bentley**
                                           **United States Bankruptcy Judge**